UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
_____
                              )
ROBERT E. CABRAL, III,        )
                              )
              Plaintiff,      )
                              )       Civil Action
v.                            )       No. 21-10049-PBS
                              )
KILOLO KIJAKAZI,              )
Acting Commissioner of the    )
Social Security Administration,)
                              )
              Defendant.      )
_____)
```

**MEMORANDUM AND ORDER**

April 25, 2022

Saris, D.J.

Plaintiff Robert E. Cabral, III brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision denying his application for Supplementary Security Income benefits ("SSI"). He contends that the Social Security Appeals Council ("Appeals Council") incorrectly denied consideration of new and material evidence when denying his appeal and moves to reverse and remand the administrative denial of SSI benefits.[1] Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("Commissioner"), moves to affirm the ALJ's decision. For the following reasons, the Court **ALLOWS**

---

[1] Plaintiff also contends that the Administrative Law Judge ("ALJ") erred by not properly considering his injuries, medical records, and activities of daily living in assessing his ability to work.

1

Plaintiff's Motion to Remand and **DENIES** the Commissioner's Motion to Affirm.

A district court may review the decision of the Appeals Council if "it has given a mistaken reason for refusing further review." Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). Review is appropriate where the mistake is "explicit" or represents an "egregious error." Id.

On April 1, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. On May 20, 2020, Plaintiff filed a request for review of the ALJ's decision to the Appeals Council. Along with his appeal, Plaintiff submitted new evidence consisting of two functional assessments: a mental impairment questionnaire from Dr. Lily Chan dated May 18, 2020, and a physical residual functional capacity questionnaire from Dr. Taylor Hoff dated June 12, 2020. The Appeals Council reviewed Plaintiff's appeal and determined that Plaintiff's new evidence "does not relate to the period at issue" in his application. Dkt. 16-2 at 3. The Appeals Council issued a terse order denying Plaintiff's request for review on November 6, 2020.

The Appeals Council erred in finding that Dr. Chan's questionnaire does not relate to the time period on or before the ALJ's decision. Dr. Chan has acted as Plaintiff's treating psychotherapist since July 30, 2019. Moreover, she specifically noted in the questionnaire that Plaintiff has been receiving

mental health services from Cambridge Health Alliance since 2014. Dr. Chan makes references to Plaintiff's medical history throughout the questionnaire, describing how he "at times no-showed to appointments," his "chronic pain and history of trauma" and past substance abuse. Dkt. 16-2 at 82-89. Her description of Plaintiff's potential for absenteeism aligns with her pre-decision records that noted his cancelled appointments.

Courts have found that similar medical opinions dated shortly after the ALJ's decision relate to the relevant period for the benefits application. See, e.g., Padilla v. Colvin, 525 F. App'x 710, 713 (10th Cir. 2013) (finding psychological report dated after ALJ hearing related to relevant period when it corroborated an anxiety diagnosis by claimant's treating physician and claimant's testimony); Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990) (remanding after Appeals Council declined review despite submission of new psychological report that related to period on or before the ALJ's decision). Accordingly, Dr. Chan's questionnaire relates to the relevant period. Dr. Hoff's questionnaire, however, appears not to relate to the period on or before the ALJ's decision. In the questionnaire, Dr. Hoff expressly stated that the earliest date it applies to is June 12, 2020.

**ORDER**

The Court **ALLOWS** Cabral's Motion to Remand (Dkt. No. 20) and **DENIES** Acting Commissioner Kijakazi's Motion to Affirm (Dkt. No. 30).  The Commissioner's decision is vacated and remanded with instructions to consider Dr. Chan's questionnaire.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge